1  Jeffery L. Caufield (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 410
4  San Diego, California 92108
   Telephone: 619-325-0441
5  Facsimile : 619-325-0231

6  Attorneys for Plaintiff Citizens Development
   Corporation, Inc.

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 CITIZENS DEVELOPMENT                    )  Case No.:   '12 CV 0334 IEG   RBB
   CORPORATION, INC., a California         )
11 corporation,                            )
                                           )
12              Plaintiff,                  )  COMPLAINT FOR:
                                           )
13         vs.                             )  1.  PRIVATE RECOVERY UNDER
                                           )      CERCLA
14 COUNTY OF SAN DIEGO, a California       )  2.  DECLARATORY RELIEF  UNDER
15 municipal corporation, CITY OF SAN      )      FEDERAL LAW
   MARCOS, a California municipal corporation, ) 3. CONTINUING NUISANCE
16 CITY OF ESCONDIDO, a California         )  4.  CONTINUING TRESPASS
   municipal corporation, VALLECITOS       )  5.  EQUITABLE INDEMNITY
17 WATER DISTRICT, a California municipal  )  6.  DECLARATORY RELIEF UNDER
18 corporation, HOLLANDIA DAIRY, a         )      STATE LAW
   California corporation, and DOES 1 through )
19 100, inclusive,                         )
                                           )
20              Defendants.                 )
                                           )
21                                         )
                                           )
22                                         )
                                           )
23                                         )
                                           )
24                                         )
                                           )
25 ─────────────────────────────────────── )

26

27

28

1    COMES NOW Plaintiff CITIZENS DEVELOPMENT CORPORATION, INC.

2  (hereinafter, "Plaintiff"), and alleges as follows:

3                    **STATEMENT OF ACTION**

4    1.    Plaintiff brings this action against Defendants, COUNTY OF SAN DIEGO, a

5  California municipal corporation, CITY OF SAN MARCOS, a California municipal corporation,

6  CITY OF ESCONDIDO, a California municipal corporation, VALLECITOS WATER

7  DISTRICT, a California municipal corporation, and HOLLANDIA DAIRY, a California

8  corporation (collectively hereinafter, "Defendants") under 42 U.S.C. § 9607 *et seq.* of the

9  Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA")

10  and various other federal and state statutory and common law theories, for the recovery of costs

11  incurred by Plaintiff in response to the release and threatened release of hazardous substances

12  onto certain real property owned and operated by Plaintiff, commonly described as Lake San

13  Marcos located in San Marcos, California (hereinafter, the "Lake").

14    2.    Plaintiff's property includes approximately 252 acres within the San Marcos Creek

15  watershed, which includes the Lake, the Lake San Marcos dam, lakefront property, and the Lake

16  San Marcos Resort & Country Club.

17    3.    San Marcos Creek (hereinafter, the "Creek"), a principal tributary to the Lake,

18  begins at its headwaters in the City of Escondido, travels through the City of San Marcos, before

19  arriving at the Lake. The Lake is located in the north-central portion of the County of San Diego.

20    4.    On or about September 20, 2011, the California Regional Water Quality Control

21  Board, San Diego Region (hereinafter, the "Regional Board") issued Investigative Order No. R9-

22  2011-0033 (the "Order") to the Plaintiff alleging the release of pollutants to the Lake. A true and

23  correct copy of the Order is attached hereto as Exhibit "1".

24    5.    The Lake receives direct and indirect discharges from a multitude of sources.

25  These sources originate in different areas throughout San Diego County, including, but not

26  limited to, the City of San Marcos and the City of Escondido.

27    6.    According to the Regional Board, the Lake receives discharges from urban and

28  suburban areas, private golf courses, agricultural land uses, and open space. Such discharges

come from a wide array of sources including: (a) improper waste disposal; (b) poor and/or unmanaged landscaping practices from commercial, recreational, and residential sites; (c) sanitary sewer overflows; (d) septic system failures; (e) groundwater infiltration; (f) the presence and operation of the dam; and (g) other non-point source discharges during storm events and dry weather conditions.

7.    The illegal discharge, dumping, disposal, release, and/or abandonment of hazardous substances or wastes have caused contamination and pollution of the surface water and groundwater at and in the vicinity of the Lake.

8.    Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants owned and/or operated (or currently owns and/or operates) real property located within the San Marcos Creek watershed and upgradient of the Lake (hereinafter, "Defendants' Sites").

9.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, throughout their respective ownership and/or operation of said real property generated, handled, used, stored, released, and/or disposed of (or transported and/or arranged for the disposal of) hazardous substances and wastes, and were responsible for the processing, purchase and storage, transport, handling, use, and treatment of such hazardous materials.

10.    Plaintiff is further informed and believes, and on that basis alleges, that each of the Defendants released and/or disposed of substantial quantities of hazardous substances or wastes on the Defendants' Sites, at and in the vicinity of the Creek and Lake, and into the environment.

11.    Plaintiff is informed and believes, and on that basis alleges, that Defendants and Defendants' Sites released and/or disposed of (or transported and/or arranged for the disposal of) hazard substances or wastes which caused contamination and pollution of structures, soils, subsoils, surface water, and groundwater at and in the vicinity of the Lake, both on-site and off-site.

12.    These discharges have caused and threaten to continue causing a condition of pollution and nuisance in the Lake.  The Lake is contaminated with pollutants including, but not limited to, nitrogen, phosphorus, and nutrients which fuel the growth of algae and reduce oxygen

levels within the Lake.  These conditions have caused and threaten to continue causing fish kills, algae blooms, and nuisance odors.  In addition, the Lake's poor water quality limits aquatic plant growth.  The beneficial uses of the waters of the Lake have also been negatively impacted.

13.    Pursuant to the Order, the Regional Board has directed the Plaintiff to investigate the cause(s) and extent of nutrient impairment in the Lake, and to report its findings to the Regional Board.  Consequently, the Plaintiff has incurred and will continue to incur costs of investigating and potentially remediating the contamination at issue.

14.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' discharges have caused damage and environmental contamination to the Plaintiff and to Plaintiff's Lake, respectively.

15.    Plaintiff seeks a declaration by this Court, pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, that Defendants are:

(a)    jointly and severally liable under CERCLA for the presence of hazardous substances contamination and/or hazardous wastes contamination at and in the vicinity of the Lake;

(b)    jointly and severally liable under CERCLA for general damages and all costs or expenses, including attorneys' fees, necessary to respond to the release and threatened release of hazardous substances and/or hazardous wastes from the Defendants' Sites and into the Lake;

(c)    required under CERCLA to reimburse Plaintiff for all costs or expenses, including attorneys' fees, that it has incurred and will incur for the testing, investigation, abatement, remediation, and removal of hazardous substances and/or hazardous wastes contamination from the structures, soil, subsoil, surface water, and groundwater at and in the vicinity of the Lake.

16.    Pursuant to the supplemental jurisdiction of this Court over state law claims, Plaintiff seeks declaratory relief and damages from Defendants.  Plaintiff is informed and believes, and on that basis alleges, that Defendants and Defendants' Sites caused contamination and pollution of the structures, soil, subsoil, surface water and groundwater at and in the vicinity

1    of the Lake through the negligent, improper, or unreasonable transport, generation, handling,

2    usage, storage, disposal, or release of hazardous substances and hazardous wastes.

3            17.     Under this Court's supplemental jurisdiction over state law claims, Plaintiff seeks

4    a declaration by this Court that Defendants are:

5                    (a)     jointly and severally liable under California law for the presence of

6    hazardous substances and/or hazardous wastes contamination at and in the vicinity of the Lake;

7                    (b)     jointly and severally liable under California law for general damages,

8    special damages, and all costs or expenses, including attorneys' fees, necessary to respond to the

9    release and threatened release of hazardous substances and/or hazardous wastes from the

10   Defendants' Sites and into the Lake; and

11                   (c)     required under California law to reimburse Plaintiff for all costs or

12   expenses, including attorneys' fees, that it has incurred and will incur for the testing,

13   investigation, abatement, remediation, and removal of hazardous substances and/or hazardous

14   wastes contamination from the structures, soil, subsoil, surface water, and groundwater at and in

15   the vicinity of the Lake.

16                              **JURISDICTION AND VENUE**

17           18.     This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 9607 (a)(4)(B)

18   (CERCLA cost recovery) and 28 U.S.C. § 1331 (federal question).  The causes of action alleged

19   herein arise under the Constitution, laws, or treaties of the United States, or are supplemental

20   thereto.

21           19.     Plaintiff's claims for relief arise in this district.  Venue is therefore appropriate in

22   this district under 42 U.S.C. § 9607 (a)(4)(B) and 28 U.S.C. § 1391(b).

23           20.     This Court has jurisdiction over the state law claims for negligence per se,

24   negligence, public nuisance, private nuisance, trespass, equitable indemnity, and declaratory relief

25   under the doctrine of supplemental jurisdiction because these claims arise from the same nucleus

26   of operative facts as the federal claims.

27   / / /

28   / / /

1

**PARTIES**

2        21.      Plaintiff CITIZENS DEVELOPMENT CORPORATION, INC., is, and at all times

3    relevant hereto was, a California corporation organized and existing under the laws of the State of

4    California, with its principal place of business in San Diego County, California.  Plaintiff is, and

5    at all times relevant hereto was, the owner and operator of the Lake and the Lake San Marcos

6    Resort & Country Club located in San Marcos, California.

7        22.      Plaintiff is informed and believes, and on that basis alleges, that Defendant

8    COUNTY OF SAN DIEGO is, and at all times relevant hereto was, a California municipal

9    corporation organized and existing under the laws of the State of California, with its principal

10   place of business in San Diego County, California.  Plaintiff is further informed and believes, and

11   on that basis alleges, that Defendant COUNTY OF SAN DIEGO is, and at all material times

12   relevant hereto was, the owner and/or operator of real property within the San Marcos Creek

13   watershed including, but not limited to, parks in the unincorporated areas of the County of San

14   Diego and the Twin Oaks Golf Course located at 1425 North Twin Oaks Valley, San Marcos,

15   California 92069.  Plaintiff is further informed and believes, and on that basis alleges, that

16   Defendant COUNTY OF SAN DIEGO is, and at all times relevant hereto was, the owner and/or

17   operator of drainage system outfalls located upstream of the Lake in the unincorporated areas of

18   the County of San Diego and the City of San Marcos.  Plaintiff is further informed and believes,

19   and on that basis alleges, that Defendant COUNTY OF SAN DIEGO owned and operated the

20   former Linda Vista landfill located in San Marcos, California (presently known as Bradley Park),

21   between approximately 1948 and 1968.

22       23.      Plaintiff is informed and believes, and on that basis alleges, that Defendant CITY

23   OF SAN MARCOS is, and at all times relevant hereto was, a California municipal corporation

24   organized and existing under the laws of the State of California, with its principal place of

25   business in San Diego County, California.  Plaintiff is further informed and believes, and on that

26   basis alleges, that Defendant CITY OF SAN MARCOS is, and at all times relevant hereto was,

27   the owner and/or operator of real property within the San Marcos Creek watershed including, but

28   not limited to, parks and other public lands.  Plaintiff is further informed and believes, and on that

1   basis alleges, that Defendant CITY OF SAN MARCOS is, and at all times relevant hereto was,

2   the owner and/or operator of Bradley Park located in San Marcos, California (formerly known as

3   the Linda Vista landfill), from approximately 1968 to the present.

4        24.    Plaintiff is informed and believes, and on that basis alleges, that Defendant CITY

5   OF ESCONDIDO is, and at all times relevant hereto was, a California municipal corporation

6   organized and existing under the laws of the State of California, with its principal place of

7   business in San Diego County, California.  Plaintiff is further informed and believes, and on that

8   basis alleges, that Defendant CITY OF ESCONDIDO is, and at all times relevant hereto was, the

9   owner and/or operator of real property located in Escondido, California, which is in close

10  proximity to the Creek and upgradient to the Lake.

11       25.    Plaintiff is informed and believes, and on that basis alleges, that Defendant

12  VALLECITOS WATER DISTRICT is, and at all times relevant hereto was, a California

13  municipal corporation organized and existing under the laws of the State of California, with its

14  principal place of business in San Diego County, California.  Plaintiff is further informed and

15  believes, and on that basis alleges, that Defendant VALLECITOS WATER DISTRICT is, and at

16  all times relevant hereto was, the owner and/or operator of the Meadowlark Water Reclamation

17  Facility located at 7941 Corinthia Street, Carlsbad, California 92009.

18       26.    Plaintiff is informed and believes, and on that basis alleges, that Defendant

19  HOLLANDIA DAIRY, INC. is, and at all times relevant hereto was, a California corporation

20  organized and existing under the laws of the State of California, with its principal place of

21  business in San Diego County, California.  Plaintiff is further informed and believes, and on that

22  basis alleges, that Defendant HOLLANDIA DAIRY, INC. is, and at all times relevant hereto was,

23  the owner and/or operator of farm land located at 622 East Mission Road, San Marcos, California

24  92069, which is upgradient to the Lake.

25       27.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant

26  times, the Defendants, and each of them, were the partners, joint venturers, agents, employees,

27  fiduciaries, servants and successors of each of the other remaining Defendants, or a potentially

28  responsible party within the meaning of 42 U.S.C. § 9607(a)(1)-(4), and at all relevant times were

acting within the full course and scope of their authority, agency, employment, authorization, and/or succession.

28.     Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, each Defendant was the agent, employee, representative, and/or co-partner of each of the other Defendants; acted in the course and scope of its agency, employment, representation, or partnership; and acted in concert with such other Defendants to perform the acts or omissions alleged herein, or ratified or approved the acts of the others.

29.     The true names and capacities of Defendants named herein as DOES 1 through 100, whether individual, corporate, associate or otherwise, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names, involvement, and capacities when the same have been ascertained. DOES l through 100 are residents of the State of California and/or have their principal place of business in the State of California.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants named herein as DOE was in some manner responsible for the injuries and losses suffered by Plaintiff, and that Plaintiff's injuries were proximately caused by said Defendants.

30.     Whenever it is alleged herein that any act or omission was also done or committed by a specifically named Defendant or Defendants generally, Plaintiff intends to allege and does allege that the same act or omission was also committed by each and every Defendant named herein, including the DOE Defendants, both separately and in concert or conspiring with the other Defendants.  Plaintiff prays for leave of this Court to amend the Complaint when those names and capacities are ascertained.

31.     Each of the Defendants listed in paragraphs 1 through 28, supra, shall be collectively referred to hereinafter as "Defendants."

## **DEFINITIONS**

32.     Disposal or Dispose: As used in this Complaint, the term "Disposal" or "Dispose" shall have the meaning set forth in the Solid Waste Disposal Act ("SWDA"), § 1004 (3), 42 U.S.C. § 6903(3):

[t]he discharge, deposit, injection, dumping, spilling, leaking or placing of any solid waste or hazardous waste into or on any land or water so that such waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

33.    Environment: As used in this Complaint, the term "Environment" shall have the meaning set forth in CERCLA § 101(8), 42 U.S.C. § 9601(8):

(A) the navigable waters, the waters of the contiguous zone, and the ocean waters for which the natural resources are under the exclusive management authority of the United States ... and (B) any other surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air within the United States or under the jurisdiction of the United States.

34.    Facility: As used in this Complaint, the term "Facility" shall have the meaning set forth in CERCLA § 101(9), 42 U.S.C. § 9601(9):

(A) any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works) well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock or aircraft, or (B) any Site or area where a hazardous substance has been deposited , disposed of, or placed, or otherwise come to be located; but does not include any consumer product in consumer use or any vessel.

35.    Hazardous Substance: As used in this Complaint, the term "Hazardous Substance" shall have the meaning set forth in CERCLA § 101(14)(B), 42 U.S.C. § 9601(14)(B) and CERCLA § 101(14)(C), 42 U.S.C. § 9601(14)(C), as listed by the U.S. Environmental Protection Agency ("EPA") at 40 C.F.R. § 302.4, pursuant to its authority under CERCLA § 102, 42 U.S.C. § 9602 and applicable state law.

36.    Hazardous Waste: As used in this Complaint, the term "Hazardous Waste" shall have the meaning set forth in SWDA § 1004(5), 42 U.S.C. § 6905(5):

[a]ny solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical chemical or infectious characteristics may –

(A) cause or significantly contribute to an increase in
mortality or any increase in serious irreversible, or incapacitating
reversible illness; or

(B) pose a substantial present or potential hazard to human
health or the environment when improperly treated, stored,
transported, or disposed of, or otherwise managed.

Hazardous Waste shall also include the definition of Hazardous Waste as defined by applicable state law and "Solid Waste" as set forth in SWDA § 1004(27), 42 U.S.C. § 6903(27), and applicable state law.

37.     National Contingency Plan: As used in this Complaint, the term "National Contingency Plan" ("NCP") means the National Oil and Hazardous Substance Pollution Contingency Plan, as set forth in 40 C.F.R. Part 300, the Congressionally-mandated plan developed by the EPA that delineates the required procedures for investigating, analyzing remedial alternatives, responding to, and abating the adverse effects of Releases of Hazardous Substances into the Environment.

38.     Release: As used in this Complaint, the term "Release" shall have the meaning set forth in CERCLA § 101(22), 42 U.S.C. § 9601(22):

[a]ny spill, leaking, pumping, pouring, emitting, emptying,
discharging, injecting, escaping, leaching, dumping or disposing
into the environment (including the abandonment or discharging of
barrels, containers, and other closed receptacles containing any
hazardous substance or pollutant or contaminant).

39.     Response Cost(s): As used in this Complaint, the term "Response Costs" means the costs of "removal" and "remedial actions" of Hazardous Substances and/or Hazardous Wastes, as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and (24), all other costs to respond to Releases of Hazardous Substances, as defined in CERCLA § 101(25), 42 U.S.C. § 9601(25).  Such costs include, but are not limited to, costs incurred to monitor, assess, and evaluate the Release of Hazardous Substances and/or Hazardous Waste, and costs of "removal" and Disposal of Hazardous Substances and/or Hazardous Waste.  Such costs

also include those incurred in actions to permanently remedy the Release of Hazardous Substances and/or Hazardous Waste, including, but not limited to: (a) the storage, confinement, or cleanup of Hazardous Substances and/or Hazardous Waste; (b) the recycling or reuse, diversion, destruction, or segregation of reactive wastes; (c) the dredging or excavation, repair or replacement of leaking containers; and (d) any other such action necessary to protect public health, welfare, and the Environment.  The term "Response Cost" also means any costs and attorneys' fees incurred in enforcing removal or remedial actions, or CERCLA's scheme for liability, compensation, and cost-recovery set forth in CERCLA § 102(25), 42 U.S.C. § 9601(25).

40.     "Malice" and "malicious" mean conduct which is intended by the defendant to cause injury to the plaintiff, or despicable conduct carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

41.     "Oppression" and "oppressive" mean despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

42.     "Fraud" and "fraudulent" mean an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant.  In addition, proof of fraud requires a showing that the defendant intended to deprive a person of property or legal rights, or cause some other injury.

## GENERAL ALLEGATIONS

43.     Plaintiff is informed and believes, and on that basis alleges, that beginning in the 1960s through the present, Defendants owned and/or operated Defendants' Sites or other sites upon which Hazardous Substances were Released.  The Hazardous Substances included, but are not limited to, nitrogen, phosphorus, and nutrients found in fertilizers, pesticides, and sewage.

44.     The Hazardous Substances were Released through sudden and accidental spills.

45.     The Hazardous Substances Released have caused and contributed to contamination and pollution of soils, subsoils, surface water, and groundwater at the Lake and surrounding properties.

46.     Plaintiff has incurred costs and expenses to test, sample, characterize, and remediate the Hazardous Substances released by Defendants in the soil and groundwater.

47. On or about January 17, 2012, Plaintiff provided notice under the California Government Claims Act (Government Code § 900 *et seq.*) to Defendants COUNTY OF SAN DIEGO, CITY OF SAN MARCOS, CITY OF ESCONDIDO, and VALLECITOS WATER DISTRICT, and will be filing an amended complaint including state law claims for money and damages after the notice requirement has been satisfied. By this Complaint, Plaintiff seeks only injunctive, declaratory, other equitable relief pursuant to federal and state law, as against Defendants COUNTY OF SAN DIEGO, CITY OF SAN MARCOS, CITY OF ESCONDIDO, and VALLECITOS WATER DISTRICT.

48. Plaintiff also intends to provide notice promptly under the Resource Conservation and Reclamation Act, 42 U.S.C. § 6901 *et seq.* ("RCRA") and will be filing an amended complaint including RCRA claims after the notice requirement has been satisfied.

## FIRST CLAIM FOR RELIEF

### (Recovery of Response Costs)

### (Pursuant to CERCLA §§ 107(a)(1-4)(B) – Plaintiff Against Defendants)

49. Plaintiff refers to and realleges paragraphs 1 through 48 of this Complaint and incorporates them herein by reference.

50. Pursuant to the provisions of CERCLA, 42 U.S.C §§ 9601-9675, Defendants, as prior or current owners and/or operators of the Defendants' Sites from which Hazardous Substances were Released are liable for Response Costs appropriate to the Lake and surrounding properties, and to reimburse the United States or the State of California if either undertakes such activity.

51. Plaintiff, who is a "person" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21), and SWDA § 1004(15), 42 U.S.C. § 9603(15), has been and currently remains engaged in conducting studies and other activities designed to develop an appropriate response plan for removal and/or remedial action with regard to the Release of Hazardous Substances. Plaintiff has incurred, and will continue to incur, substantial Response Costs to be determined according to proof at trial. To date, Plaintiff has incurred Response Costs to investigate the cause(s) and extent of nutrient impairment in the Lake, and will incur an as yet undetermined amount to address

existing and future soil, surface water, and groundwater issues.  All such Response Costs incurred and that will be incurred have been and will continue to be necessary and consistent with the NCP.

52.    Each Defendant did, over extended periods of time, generate, transport and cause the Disposal of those Hazardous Substances directly into the Environment and/or in such other manner at the Lake, Creek, Defendants' Sites, and/or surrounding areas so as to cause the Release or exacerbation of the Release of Hazardous Substances into the Environment.

53.    Each establishment operated by each Defendant was, and is, a Facility.

54.    Each Defendant was, and is, the owner and/or operator of their respective facilities.

55.    At relevant times, each Defendant was the operator of its respective Facility because each Defendant exercised control over and managed its establishment, and determined and implemented the policies and procedures by which its establishment operated.

56.    Each Defendant is a "person" as that term is defined in CERCLA § 101 (21), 42 U.S.C. § 9601 (21), and SWDA § 1004(15), 42 U.S.C. § 9603(15), who operated its establishment at the time Hazardous Substances and/or Hazardous Waste was Disposed of at and from its Facility.

57.    At all relevant times herein, there were Releases of Hazardous Substances from Defendants' Facilities located at or adjacent to the Creek and/or Lake.

58.    The Releases of Hazardous Substances by the Defendants caused and continue to cause Plaintiff to incur Response Costs on its property and for the surface water and underlying groundwater.

59.    Pursuant to 42 U.S.C. § 9707(a), Defendants, and each of them, are jointly and severally liable to Plaintiff for all necessary Response Costs incurred by Plaintiff in responding to the Release of Hazardous Substances.

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief Under Federal Law – Plaintiff Against Defendants)

60.     Plaintiff refers to and realleges paragraphs 1 through 59 of this Complaint and incorporates them by reference.

61.     A dispute has arisen and an actual controversy exists between Plaintiff and Defendants in that Plaintiff claims that Defendants, and each of them, jointly and severally, are obligated to indemnify Plaintiff against and reimburse Plaintiff for, all necessary Response Costs and any other costs and attorneys' fees, past or future, incurred by Plaintiff in responding to the Release or threatened Release of Hazardous Substances and/or Hazardous Waste, or taking any other removal or remedial action as a result of Defendants' acts and conduct.

62.     Substantial costs will be incurred by Plaintiff over time and after conclusion of this action. Unless declaratory relief is granted, it will be necessary for Plaintiff to commence many successive actions against Defendants, and each of them, to secure compensation for the costs incurred and damages sustained, thus requiring a multiplicity of suits.

63.     Plaintiff is entitled to and hereby seeks a declaratory judgment, pursuant to CERCLA § 113(g)(2), of Defendants' liability to Plaintiff for all Response Costs incurred and those to be incurred by Plaintiff in implementing the remedial action plan for responding to the Releases of Hazardous Substances and/or Hazardous Waste and adverse environmental consequences at issue.

64.     Plaintiff is entitled to and hereby seeks a declaratory judgment, pursuant to SWDA § 1002, 42 U.S.C. § 6972, of Defendants' liability to Plaintiff for all Response Costs incurred and those to be incurred by Plaintiff in remediating the Lake due to the Release of Hazardous Substances and/or Hazardous Waste which pose an immediate and substantial endangerment to health and the environment.

65.     Plaintiff is entitled to and hereby seeks a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Plaintiff's right to reimbursement from and indemnification by Defendants, and each of them, for all costs, jointly and severally, which

1  Plaintiff may incur as a result of Defendants' Release of Hazardous Substances and/or Hazardous

2  Waste into the Environment.

3  **THIRD CLAIM FOR RELIEF**

4  **(Continuing Nuisance – Plaintiff Against Defendants)**

5  66.  Plaintiff refers to and realleges paragraphs 1 through 65 of this Complaint and

6  incorporates them by reference.

7  67.  Defendants' tortious and unlawful actions and omissions constitute an

8  unreasonable use of the Defendants' Sites and surrounding properties, and have caused a

9  condition at the Lake and on surrounding properties that is injurious to public health and

10 offensive to the senses, and which was and is an obstruction of the free use of Plaintiff's Lake, so

11 as to interfere with Plaintiff's comfortable use and enjoyment of the Lake.

12 68.  Defendants' acts and omissions have created or assisted in the creation of a

13 continuing nuisance which continues to damage the property and the Plaintiff on a daily basis.

14 Each actual and/or threatened Release and migration of the contamination gives rise to a new

15 claim for relief until such time as the contamination is completely remediated.

16 69.  The nuisance is specifically injurious to Plaintiff and any damages and injuries

17 resulting from it are different in type and effect than any damages and injuries to the entire

18 community or neighborhood.

19 70.  The nuisance has caused and will continue to cause special injuries to Plaintiff to

20 the extent Plaintiff incurred or will continue to incur expenses to investigate, assess, monitor,

21 remove, remediate, and abate the nuisance, and to the extent the nuisance has injured Plaintiff's

22 Lake.

23 71.  Plaintiff has requested and continues to seek to have Defendants, and each of

24 them, abate the nuisance, but Defendants have failed to abate the nuisance such that it continues

25 to exist.

26 72.  If the nuisance is not abated, Plaintiff will suffer irreparable harm and injury.  Any

27 hardship imposed on Defendants in abating the nuisance will not be disproportionate to the

28 hardship Plaintiff has suffered and will continue to suffer as a result of the nuisance.

73.     Plaintiff is informed and believes, and on that basis alleges, that the contamination caused by Defendants' actions and inactions, and each of them, may be subjecting adjacent and nearby properties, owners, and residents to damage and injury.  Defendants' failure to timely abate the nuisance and contamination will increase the damage and injury to the Lake and to adjacent properties, and will potentially cause damage and injury to the groundwater beneath those properties.

74.     As a direct, proximate, and foreseeable result of the acts and omissions of Defendants, and each of them, Plaintiff has suffered general, consequential, and compensatory damages in amounts that are not yet fully ascertained.  These damages include, but are not limited to, the following:

(a)     Damage to the soil, surface water, and groundwater at Plaintiff's Lake;

(b)     Damage for the loss of use of Plaintiff's Lake, particularly during the assessment and remediation period; and

(c)     Any and all amounts Plaintiff has incurred or will incur for the investigation, assessment, monitoring, removal, and remediation of the contamination.  These amounts are in excess of the minimum jurisdictional amount of this Court and will be established according to proof at the time of trial.

75.     Plaintiff hereby requests that a preliminary and permanent injunction be issued, requiring said Defendants to enjoin and also abate the nuisance, and/or to perform such investigation, assessment, monitoring, removal, and remediation.  The public also continues to be endangered by Defendants' releases and continuing releases as described herein.  Plaintiff would request a preliminary and permanent injunction restraining Defendants' continued endangerment of the public.

## **FOURTH CLAIM FOR RELIEF**

### **(Continuing Trespass – Plaintiff Against Defendants)**

76.     Plaintiff refers to and realleges paragraphs 1 through 75 of this Complaint and incorporates them by reference.

/ / /

77.     The Release of Hazardous Substances and/or Hazardous Waste, the resulting contamination, and the continued migration of such Hazardous Substances and/or Hazardous Waste has constituted and continues to constitute a continuing unauthorized trespass into the Lake in violation of Plaintiff's rights.

78.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, acted intentionally in undertaking the conduct that caused the trespass, in failing to abate the trespass, and in allowing the trespass to continue.

79.     Plaintiff has requested and continues to seek to have Defendants, and each of them, abate and discontinue the trespass, but Defendants have failed to do so and the trespass continues to exist.

80.     If the trespass is not abated and discontinued, Plaintiff will suffer irreparable harm and injury.  Any hardship imposed on Defendants in abating and discontinuing the trespass will not be disproportionate to the hardship Plaintiff has suffered and will continue to suffer as a result of the trespass.

81.     As a direct, proximate, and foreseeable result of the acts and omissions of Defendants, and each of them, Plaintiff has suffered general, consequential and compensatory damages in amounts that are not yet fully ascertained.  These damages include, but are not limited to the following:

(a)     Damage to the soil, surface water, and groundwater at Plaintiff's Lake;

(b)     Damage for the loss of use of Plaintiff's Lake, particularly during the assessment and remediation period; and

(c)     Any and all amounts Plaintiff has incurred or will incur for the investigation, assessment, monitoring, removal, and remediation of the contamination.  These amounts are in excess of the minimum jurisdictional amount of this Court and will be established according to proof at the time of trial.

82.     Plaintiff hereby requests that a preliminary and permanent injunction be issued, requiring Defendants, and each of them, to abate the nuisance and to perform such investigation, assessment, monitoring, removal, and remediation as is necessary to abate the nuisance.

**FIFTH CLAIM FOR RELIEF**

**(Equitable Indemnity – Plaintiff Against Defendant Hollandia Dairy Only)**

83.     Plaintiff refers to and realleges paragraphs 1 through 82 of this Complaint and incorporates them by reference.

84.     Plaintiff has been, and will continue to be, compelled by the operation of applicable federal and state laws to incur necessary Response Costs consistent with the NCP and other abatement costs to investigate, study, and remove the pollutants from the surface and sub-surface soils, surface water, and groundwater beneath and adjacent to the Lake, and to take other response actions necessary to protect public health and the environment, and to enforce the liability schemes set forth in CERCLA and in state and local law.

85.     Defendants, and each of them, are entirely liable for that contamination as a result of the Release of Hazardous Substances and/or Hazardous Waste into the Environment.  The Release of Hazardous Substances and/or Hazardous Waste into the Environment by Defendants was negligent, careless, wrongful, and unlawful.  Plaintiff's statutory liability as a property owner for the costs of environmental assessment, clean-up, and remediation is solely the result of Defendants' negligent, careless, wrongful, and unlawful conduct in the course of their normal business activities.

86.     Defendants, and each of them, are therefore bound and obligated, jointly and severally to indemnify and hold harmless Plaintiff from and against any and all Response Costs and any other costs heretofore or hereafter incurred by Plaintiff in responding to the Release of Hazardous Substances and/or Hazardous Waste by Defendants.

**SIXTH CLAIM FOR RELIEF**

**(Declaratory Relief Under State Law – Plaintiff Against Defendants)**

87.     Plaintiff refers to and realleges paragraphs 1 through 86 of this Complaint and incorporates them by reference.

88.     A dispute has arisen and an actual controversy exists between Plaintiff and Defendants in that Plaintiff claims that Defendants, and each of them, are jointly and severally obligated to indemnify Plaintiff against and reimburse Plaintiff for, all Response Costs and any

1    other costs, past or future, incurred by Plaintiff in responding to the Release or threatened Release

2    of Hazardous Substances and/or Hazardous Waste, or taking any other removal or remedial action

3    as a result of Defendants' conduct complained of herein, and Defendants deny such obligation.

4         89.    Substantial costs will be incurred by Plaintiff over time and after conclusion of this

5    action.  Unless declaratory relief is granted, it will be necessary for Plaintiff to commence many

6    successive actions against Defendants, and each of them, to secure compensation for the costs

7    incurred and damages sustained, thus requiring a multiplicity of suits.

8         90.    Plaintiff is entitled to and hereby seeks a judicial determination pursuant to

9    California Code of Civil Procedure § 1060 of Plaintiff's right of reimbursement and

10   indemnification by Defendants for all Response Costs incurred and those to be incurred by

11   Plaintiff as a result of Defendants' conduct complained of herein.

12        WHEREFORE, Plaintiff prays for judgment as follows:

13                   **AS TO THE FIRST CLAIM FOR RELIEF FOR**

14                   **PRIVATE RECOVERY UNDER CERCLA**

15        1.    As against all Defendants, and each of them, for Plaintiff's Response Costs under

16   CERCLA.

17                  **AS TO THE SECOND CLAIM FOR RELIEF FOR**

18                  **DECLARATORY RELIEF UNDER FEDERAL LAW**

19        2.    As against all Defendants, and each of them, for a declaration that Defendants,

20   jointly and severally, are obligated to pay to Plaintiff all future Response Costs and any other

21   costs Plaintiff incurs in connection with any response, removal, and/or remediation efforts

22   undertaken pursuant to a state or federal agency-issued and/or court-approved remedial action

23   plan that is required by the NCP in order to properly respond to the discharge of Hazardous

24   Substances and/or Hazardous Waste by Defendants.

25        3.    For attorneys' fees and costs of suit incurred herein.

26   / / /

27   / / /

28   / / /

1

**AS TO THE THIRD CLAIM FOR RELIEF FOR**

2

**CONTINUING NUISANCE**

3          4.          As against Defendant HOLLANDIA DAIRY only, for the following damages in

4     amounts according to proof at the time of trial:

5                    (a)          compensatory damages, including, but not limited to, lost profits and

6     economic loss, loss of use, diminution in fair market value of the property, and stigma;

7                    (b)          incidental damages;

8                    (c)          consequential damages; and

9                    (d)          pre-judgment interest at the legal rate, attorneys' fees, and costs of suit

10    incurred therein.

11         5.          As against all Defendants, and each of them, for a preliminary and permanent

12    injunction ordering the Defendants to abate the nuisance and undertake, at their expense, all of the

13    environmental engineering, investigation, monitoring, and response actions necessary to respond

14    to, abate, and remediate fully and promptly the nuisance condition which resulted from the

15    Release of Hazardous Substances and/or Hazardous Waste at and emanating from Defendants'

16    Sites, in a manner consistent with the NCP or as otherwise provided by law.

17

**AS TO THE FOURTH CLAIM FOR RELIEF FOR**

18

**CONTINUING TRESPASS**

19         6.          As against Defendant HOLLANDIA DAIRY only, for the following damages in

20    amounts according to proof at the time of trial:

21                   (a)          compensatory damages, including, but not limited to, lost profits and

22    economic loss, loss of use, diminution in fair market value of the property, and stigma;

23                   (b)          incidental damages;

24                   (c)          consequential damages; and

25                   (d)          pre-judgment interest at the legal rate, attorneys' fees, and costs of suit

26    incurred therein.

27         7.          As against all Defendants, and each of them, for a preliminary and permanent

28    injunction ordering the Defendants to abate the nuisance and undertake, at their expense, all of the

1    environmental engineering, investigation, monitoring, and response actions necessary to respond

2    to, abate, and remediate fully and promptly the nuisance condition which resulted from the

3    Release of Hazardous Substances and/or Hazardous Waste at and emanating from Defendants'

4    Sites, in a manner consistent with the NCP or as otherwise provided by law.

5                    **AS TO THE FIFTH CLAIM FOR RELIEF FOR**

6                              **EQUITABLE INDEMNITY**

7          8.       As against Defendant HOLLANDIA DAIRY only, for a declaration that Plaintiff

8    is entitled to full indemnity from Defendant HOLLANDIA DAIRY for all Response Costs and

9    any other costs Plaintiff incurs in connection with any response, removal and/or remediation

10   efforts related to the discharge of Hazardous Substances and/or Hazardous Wastes by Defendants.

11         9.       For attorneys' fees and costs of suit incurred herein.

12                   **AS TO THE SIXTH CLAIM FOR RELIEF FOR**

13                  **DECLARATORY RELIEF UNDER STATE LAW**

14         10.      As against all Defendants, and each of them, for a declaration that Defendants,

15   jointly and severally, are obligated to pay to Plaintiff all future Response Costs and any other

16   costs Plaintiff incurs in connection with any response, removal, and/or remediation efforts

17   pursuant to a state or federal agency-issued and/or court-approved remedial action plan that is

18   required by the NCP in order to properly respond to the discharge of Hazardous Substances

19   and/or Hazardous Waste by Defendants.

20         11.      For attorneys' fees and costs of suit incurred herein.

21                        **AS TO ALL CLAIMS FOR RELIEF**

22         12.      Demand for Jury Trial.

23         13.      For costs of suit incurred herein.

24         14.      For such other and further relief as this Court deems just and proper.

25   DATED:  February 8, 2012                    CAUFIELD & JAMES, LLP

26                                                   /s/ Jeffery Caufield

27                                                Jeffery L. Caufield, Esq.
                                                 Attorneys for Plaintiff Citizens Development
28                                               Corporation, Inc.