1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

CITIZENS DEVELOPMENT
CORPORATION, INC., a California
corporation,

11

CASE NO. 3:12-cv-0334-GPC-KSC

**ORDER:**

12

Plaintiff,

**DENYING PLAINTIFF'S MOTION
TO FILE DOCUMENTS UNDER
SEAL**

13

v.

14
15
16

COUNTY OF SAN DIEGO, a
California municipal corporation,
CITY OF SAN MARCOS, a
California municipal corporation,
CITY OF ESCONDIDO, a California
municipal corporation, VALLECITOS
WATER DISTRICT, a California
municipal corporation, HOLLANDIA
DAIRY, INC., a California
corporation, and DOES 1 through 100,
inclusive,

**DENYING FIREMAN'S FUND
INSURANCE COMPANY'S
MOTION FOR LEAVE TO FILE A
LIMITED OBJECTION TO CDC'S
MOTION TO FILE DOCUMENTS
UNDER SEAL AND FOR
RELATED ANCILLARY RELIEF**

17
18
19
20
21

[ECF. Nos. 137, 139]

22

Defendants.

23
24

On September 16, 2015, Plaintiff Citizens Development Corporation, Inc.

25

("CDC") filed a Motion to File Under Seal their Motion to Disqualify Counsel as well

26

as related documents ("Pl. Sealing Mot."). ECF No. 137. On October 2, 2015, non-

27

party Fireman's Fund Insurance Company ("FFIC" or "Fireman's Fund") filed a

28

Motion for Leave to File a Limited Objection to CDC's Motion to File Documents

Under Seal and for Related Ancillary Relief ("FFIC Mot."). ECF No. 139. On October 9, 2015, Plaintiff filed a reply to FFIC's motion. Pl. Reply, ECF No. 142.

Upon consideration of the moving papers and the applicable law, the Court **DENIES** Plaintiff's Motion to File Documents Under Seal and **DENIES** FFIC's Motion for Leave to File a Limited Objection. The hearing on Plaintiff's Motion to Disqualify will proceed as scheduled on **October 30, 2015, at 1:30 pm in Courtroom 2D**.

## BACKGROUND

This motion arises out of a Comprehensive Environmental Response, Compensation, and Liability ("CERCLA") cost recovery action filed by Plaintiff CDC against Defendants the County of San Diego, the City of San Marcos, the City of Escondido, Vallecitos Water District, and Hollandia Dairy. Compl., ECF No. 1. The case has been stayed pending mediation between the parties since January 8, 2014. Order Granting Joint Mot. to Stay Action Pending Mediation, ECF No. 94.

On September 2, 2015, the Court granted CDC's motion to lift the stay, ECF No. 122, for the limited purpose of filing a motion to disqualify one of their counsel, the law firm of Wood, Smith, Henning & Berman LLP ("the Wood firm"), which had been appointed to represent CDC in this action by FFIC, which is one of CDC's insurance carriers in this case. Order Granting Motion to Lift Stay, ECF No. 133. On September 16, 2015, CDC filed their motion to disqualify, as well as related documents, as attachments to their Motion to File Documents Under Seal. Pl. Sealing Mot. On October 2, 2015, FFIC motioned for leave to file a limited objection to CDC's Motion to File Documents Under Seal as well as for related ancillary relief, including permission to participate in litigation concerning the disqualification motion. FFIC Mot. 7, ECF No. 139-1.[1] On October 9, 2015, CDC replied. Pl. Reply.

---

[1] All pagination refers to that created by the CM/ECF system, not the parties' own page numbers.

**DISCUSSION**

## I.      CDC's Sealing Motion

CDC seeks to file their entire motion to disqualify under seal, including (1) their request for judicial notice ("Pl.'s Req. Judicial Notice"), ECF No. 138-1, of (a) CDC's initial complaint (ECF No. 1), *id.*, Ex. A; (b) CDC's first amended complaint (ECF No. 68), *id.*, Ex. B; and (c) Wood's notice of association of counsel (ECF No. 93), *id.*, Ex. C; (2) their Memorandum of Points and Authorities in support of their motion to disqualify ("Pl.'s Mem. P. & A."), ECF No. 138-2; (3) the Declaration of Jeffrey L. Caufield in support of CDC's motion to disqualify ("Caufield Decl."), ECF No. 138-3, including (a) an email from David Wood of the Wood firm to Scott Osmus of FFIC, dated August 5, 2015, *id.*, Ex. 1; (b) Formal Opinion No. 1995-139 of the California State Bar, Standing Committee on Professional Responsibility and Conduct, *id.*, Ex. 2; (c) an email chain between David Wood of the Wood firm and Caufield, dated August 22, 2014 through September 15, 2014, *id.*, Ex. 3; (d) another email chain between the same individuals dated September 18, 2014, *id.*, Ex. 4; (e) Formal Opinion Interim No. 96-0012 of the California State Bar, Standing Committee on Professional Responsibility and Conduct, *id.*, Ex. 5; and (f) another email from Wood to Osmus of FFIC, dated September 5, 2015, *id.*, Ex. 6; and (4) the Certificate of Service, ECF No. 138-5.

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. *See KL Group v. Case, Kay, & Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement). Parties

seeking a sealing order must provide a specific description of particular documents and affidavits showing good cause to protect those documents from disclosure. Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

CDC argues that there is good cause to file under seal all of the documents listed above because "CDC will suffer undue prejudice and tactical disadvantage if forced to disclose privileged and confidential attorney-client communications and attorney work product in the public forum." Pl. Sealing Mot. 5. But even under this rationale, CDC cannot demonstrate good cause to seal such an expansive array of documents. The Court will analyze each set of proposed documents to seal in turn.

First, CDC cannot demonstrate good cause to file under seal their request for judicial notice or any of the documents attached thereto. All of the documents CDC seeks judicial notice of are a matter of public record and have been publicly filed upon the Court's docket.

Second, CDC cannot demonstrate good cause to file under seal the entirety of their Memorandum of Points and Authorities supporting their motion to disqualify. The general nature of the allegations of unethical conduct on the part of the Wood firm (that they "relay[ed] sensitive coverage information to Fireman's Fund," "drafted several litigation memoranda which slant the facts of CDC's dispute with the Public Entities in such a way as to advance Fireman's Fund's coverage position against CDC," and "refus[ed] to turn over CDC's litigation file notwithstanding CDC's multiple requests") have already been previously disclosed by CDC themselves in their Motion to Lift Stay. ECF No. 122-1 at 3–4. CDC has not explained why reiterations of those general allegations that CDC has already publicly disclosed could at this stage cause CDC to "suffer undue prejudice and tactical disadvantage." Accordingly, the only portions of the Memorandum of Points and Authorities that CDC has good cause to selectively redact are more precise details as to the nature of each of the types of unethical conduct CDC

1   alleges. The Court cautions CDC that such redactions should be as narrowly tailored

2   as possible, and should not include any language which substantially reiterates those

3   allegations CDC has already publicly made in previously filings.

4          Third, CDC has not demonstrated good cause to redact any parts of the

5   Caufield Declaration itself, nor all of the exhibits attached to the Caufield

6   Declaration. While there may be good cause to redact the four sets of emails that

7   make up Exhibits 1, 3, 4, and 6, Exhibits 2 and 5 comprise the publically available

8   published opinions of the California State Bar's Standing Committee on

9   Professional Responsibility and Conduct.

10         Fourth, CDC has not demonstrated good cause to file their certificate of

11   service under seal.

12         Accordingly, CDC's Motion to File Documents Under Seal is **DENIED**.

13   **II.     FFIC's Motion for Leave to File an Objection**

14         FFIC, a non-party to this case, seeks leave under Civ. L. R. 5.1(h) to: (1) file

15   the objection to CDC's Sealing Motion attached as ECF No. 139-2, Ex. 1; (2) file an

16   opposition to CDC's Disqualification Motion (after Fireman's Fund receives a copy

17   of the Disqualification Motion and CDC's supporting evidence); and (3) take

18   appropriate discovery regarding the Disqualification Motion and participate in any

19   hearing of the Disqualification Motion. FFIC's Mem. P. & A. 5, ECF No. 139-1.

20   Civ. L. R. 5.1(h) states that "[e]xcept as provided in the federal rules, or by leave of

21   court, no document will be filed in any case by any person not a party thereto." The

22   Court will consider each of FFIC's requests in turn.

23         First, FFIC seeks to file an objection to CDC's Sealing Motion. "[A]ny

24   interested member of the public can challenge the secreting of particular

25   documents." *See Fid. Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co.*, 2014 WL

26   1393743 (S.D. Cal. May 21, 2013) (quoting *Citizens First Nat'l Bank of Princeton*

27   *v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999)). Thus, FFIC's request

28   to file their objection to CDC's sealing motion, currently lodged as ECF No. 139-2,

is **GRANTED**.

Second, FFIC seeks to file an objection to CDC's Disqualification Motion. FFIC argues that their ability to do so necessarily depends on receiving an unredacted copy of CDC's motion and supporting evidence. FFIC's Mem. P. & A. 5. FFIC grounds their right to be heard in this motion in their "contractual right" to "defend any suit against the insured seeking damages on account of . . . property damage." *Id.* at 5. FFIC cites a number of cases for the proposition that such a right is "essential," *see Davenport v. St. Paul Fire & Marine Ins. Co.*, 378 F.2d 927, 931 (5th Cir. 1992) (quotation omitted), or "generally . . . absolute," *see Travelers Property & Cas. Co. of Am. v. Centex Homes*, 2013 WL 1411135, at *6 (N.D. Cal. Apr. 8, 2013).

However, it is well-established that the contractual right of an insurer to appoint representation for the insured is a separate matter from the independent duty of the appointed counsel to represent the insured ethically. For instance, FFIC cites *State Farm Mut. Auto. Ins. Co. v. Fed. Ins. Co.*, 72 Cal. App. 4th 1422 (1999) for the proposition that in the tripartite relationship between insured, insurer, and counsel, the Wood firm is counsel both to FFIC and CDC. FFIC Mem. P. & A. 6. But as that case makes clear, because "the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar[,] . . . the recognizably important right to choose one's counsel must yield to the ethical considerations that embody the moral principles of our judicial process." 72 Cal. App. 4th at 1428; *see also Betts v. Allstate Ins. Co.*, 154 Cal. App. 3d 688, 716 (1984) (noting that the "traditional [ethical] obligations of an attorney are in no way abridged by the fact that an insurer employs him to represent an insured"); *Issue: To Whom Does an Attorney Owe Duties When He or She Acts As Ins. Def. Counsel* [hereinafter "CA Bar Guidance"], CA Eth. Op. 1995-139 (Cal. St. Bar. Comm. Prof. Resp.), 1995 WL 255397, at *2 ("[C]ase law instructs that ultimately, there can be no conflict between insurer and insured since,

1  as discussed infra, the insured will always prevail where an issue is created between

2  them." (citation omitted)).

3      FFIC argues that, nonetheless, FFIC has standing and a right to be heard in

4  connection with the disqualification motion because "it would be entirely unfair,

5  and violative of Fireman's Fund's rights to due process, for this Court to adjudicate

6  Fireman's Fund's contractual rights without Fireman's Fund's being informed of

7  CDC's arguments and the evidence and without Fireman's Fund's having a

8  meaningful change to respond." FFIC Mem. P. & A. 5–6. FFIC cites *In the Matter*

9  *of Thorpe Insulation Co.*, 677 F.3d 869, 887 (9th Cir. 2012) for the proposition that

10 it would violate FFIC's due process rights for them not to be heard in connection

11 with the disqualification motion. However, FFIC's reliance on *Thorpe* is misplaced.

12 *Thorpe* reversed a district judge's denial of several insurers' standing to challenge a

13 Chapter 11 reorganization plan. 677 F.3d at 876. The Ninth Circuit found that the

14 insurers had Article III standing in part because they satisfactorily alleged an injury

15 in fact: "the plan potentially increase[d] the liabilities of the insurance companies

16 with real world economic impact." *Id.* at 887. Here, should the Wood firm be

17 disqualified, nothing would prevent FFIC from exercising their contractual right of

18 appointing another counsel that had not conducted the alleged ethical violations at

19 issue here. Hence, FFIC has not explained to this Court's satisfaction how their

20 contractual rights would be prejudiced by the motion to disqualify, such that they

21 would have standing to challenge the motion.

22     Moreover, permitting FFIC to participate in the motion to disqualify could

23 adversely effect CDC's rights. The California State Bar's Standing Committee on

24 Professional Responsibility and Conduct cautions that, where a conflict of interest

25 requires mandatory withdrawal of the counsel in a tripartite representation context,

26 "[i]t is imperative that . . . assiduous effort be made to accomplish it in such a way

27 as does not disclose the very information which caused the attorney to seek

28 withdrawal in the first place." CA Bar Guidance, 1995 WL 255397, at *5. Here,

withdrawal has been sought by the insured, not the counsel. But the Court is mindful of the principle that the withdrawal proceedings should not be conducted in a manner which risks further disclosures of the kind which are allegedly the basis of the disqualification motion.

Here, the extent to which there was improper disclosure of confidential attorney-client communications to FFIC is unclear. CDC expresses the concern that there may be "communications that CDC is unable to determine whether or not the Wood firm has provided previously to Fireman's Fund." Caufield Decl. 3. Meanwhile, FFIC takes a paradoxical position in their briefing. On the one hand, they argue that FFIC should be privy to CDC's disqualification motion and supporting materials because they have already seen them. FFIC Mem. P. & A. 11 ("In other words, Fireman's Fund already has in its possession the information supposedly improperly provided to it."). On the other hand, they argue that FFIC must have access to CDC's disqualification motion and supporting materials, as well as the right to propound discovery upon CDC, in order to "learn[] the basis" of the disqualification motion. *Id.* at 7.

Given this dispute over the extent of FFIC's awareness and exposure to the alleged unethical disclosures, the Court finds that permitting FFIC to obtain copies of CDC's motion to disqualify and supporting evidence, much less to propound discovery and participate in the hearing, has the potential to result in further disclosures of the kind disapproved by the California State Bar's Committee on Professional Responsibility and Conduct. *See* CA Bar Guidance, 1995 WL 255397.

The Court also notes that it is unclear how FFIC's participation in the motion to disqualify would be helpful to the Court in adjudicating whether the Wood firm engaged in unethical behavior. FFIC could conceivably confirm or deny whether the alleged confidences were received by FFIC. But it is the Wood firm itself that would be in the best position to respond to the allegations of unethical conduct CDC has lodged against it.

1    Accordingly, FFIC's requests to file an objection to CDC's motion to

2  disqualify, to receive an unredacted copy of the disqualification motion and

3  supporting evidence, to propound discovery upon CDC, and to participate in the

4  hearing, are **DENIED**.

5  **III.    CDC's Motion to Disqualify**

6    CDC alleges that the Wood firm has acted unethically in: (1) illicitly

7  obtaining a copy of CDC's confidential mediation brief and forwarding it to FFIC

8  against the express written instructions of CDC, CDC's lead counsel, and the

9  mediator; (2) disclosing CDC's confidential communications to FFIC against

10  CDC's express instructions; (3) refusing to produce a copy of its litigation file to

11  CDC; (4) slanting facts in the ongoing litigation in memoranda to FFIC in order to

12  bolster FFIC's coverage position against CDC; and (5) submitting briefing to the

13  mediator that argued for an allocation of liability advantaging FFIC at CDC's

14  expense in their ongoing coverage dispute. Pl's Mem. P. & A. 10–15.

15    In the tripartite relationship between insurer, insured, and counsel, counsel

16  has rights and obligations founded not only upon contract, but upon the Rules of

17  Professional Conduct. *Am. Mut. Liab. Ins. Co. v. Superior Court*, 38 Cal. App. 579,

18  592 (1974). As alluded to above, pursuant to rule 3-310 of the California Rules of

19  Professional Conduct, the California State Bar's Standing Committee on

20  Professional Responsibility and Conduct has provided guidance on the rights and

21  obligations of counsel in the tripartite relationship. *See* CA Bar Guidance, 1995 WL

22  255397. Under this guidance, counsel owes duties of loyalty and confidentiality to

23  the insured/client. *See id.* at *3 (noting that "the attorney is obligated at all times to

24  protect the insured/client and may not act in any way which prevents devoting his

25  entire energies to his client's interest," and that "[i]t is also the duty of any attorney

26  to maintain inviolate the confidences of a client and to preserve at every peril to

27  himself or herself the client's secrets" (internal quotation marks omitted)). The

28  guidance continues,

This means that, even where the attorney has a close ongoing relationship with an insurer, and from a business perspective considers insurer an important "client," in any particular representation it is the obligation to protect the insured's confidences and secrets which is paramount. Thus, if, for example, the attorney gains information during the course of representation which the attorney believes demonstrates that the insured is actually not entitled to coverage, the attorney nevertheless owes a duty to the insured/client not to reveal this information to the insurer. This is true even where the attorney comes to believe that the insured has fraudulently created a situation in which coverage appears to exist where it actually does not. For example, an insured might claim to be driving a vehicle when the actual driving was done by a friend or family member who was not insured. Even in these relatively extreme situations, the requirements of Business and Professions Code section 6068, subdivision (e) prevent disclosure to anyone, including the insurer, of material harmful to the insured.

*Id.* (citations omitted).

The Court makes no decision in the present Order as to the disposition of CDC's motion to disqualify. However, the Court finds that if CDC's allegations are true, the Wood firm would have violated the several duties established by the Standing Committee, including the duties of loyalty and confidentiality.

CDC's allegations are currently unopposed, since the Court has received no submissions or evidence to the contrary. The Court observes that should CDC's allegations remain uncontested, the Court would be obliged to disqualify the Wood firm under California's prevailing standards for professional conduct. As noted above in Part II, it is the Wood firm itself that would be in the best position to respond to CDC's allegations. The Wood firm is already privy to CDC's allegations, since as co-counsel to CDC they were served CDC's motions and supporting documents. Pl.'s Certificate of Service, ECF No. 138-5. Accordingly, the Court will proceed with the hearing on CDC's motion to disqualify as scheduled on October 30, 2015.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.   CDC's Motion to File Documents Under Seal, ECF No. 137, is **DENIED**.

2.   Within two (2) days of the issuance of this Order, CDC is ordered to publicly file the following documents:

a.      An unredacted copy of the Request for Judicial Notice currently lodged at ECF No. 138-1;

b.      A copy of the Memorandum of Points and Authorities in support of their motion to disqualify, currently lodged at ECF No. 138-2, redacted consistent with this opinion;

c.      An unredacted copy of the Caufield Declaration, currently lodged as ECF No. 138-3, and unredacted copies of Exhibits 2 and 5 attached thereto, as well as copies of Exhibits 1, 3, 4, and 6, redacted consistent with this opinion (currently lodged under ECF No. 138-4); and

d.      An unredacted copy of the certificate of service, currently lodged as ECF No. 138-5.

In addition, CDC is ordered to file under seal the following documents:

e.      An unredacted copy of the Memorandum of Points and Authorities; and

f.      An unredacted copy of Exhibits 1, 3, 4, and 6 to the Caufield Declaration.

3.      FFIC's request to file their objection to CDC's sealing motion, currently lodged as ECF No. 139-2, is **GRANTED**.

4.      FFIC's requests to file an objection to CDC's motion to disqualify, to receive an unredacted copy of the disqualification motion and supporting evidence, to propound discovery upon CDC, and to participate in the hearing, ECF No. 139, are **DENIED**.

5.      The hearing on CDC's motion to disqualify will proceed as scheduled on October 30, 2015, at 1:30 pm in Courtroom 2D.

**IT IS SO ORDERED.**

1   DATED:  October 28, 2015

2

3                              HON. GONZALO P. CURIEL
                               United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28