1  Jeffery L. Caufield (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 410
4  San Diego, California 92108
   Telephone: 619-325-0441
5  Facsimile: 619-325-0231

6  Attorneys for Plaintiff and Counter-Defendant
   Citizens Development Corporation, Inc.
7
   Douglas J. Simpson
8  THE SIMPSON LAW FIRM
   3111Caminio Del Rio North STE 400
9  San Diego, CA 92108
   Phone: 619-437-6900
10 dsimpson@simpsonlawfirm.com

11 Attorneys for Counter-Defendant
   Citizens Development Corporation, Inc.
12
                   **UNITED STATES DISTRICT COURT**
13
              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
14

15 CITIZENS DEVELOPMENT                    ) Case No.: 12CV00334 GPC KSC
   CORPORATION, INC., a California         )
16 corporation,                           ) **JOINT OBJECTIONS TO EVIDENCE**
                                          ) **SUBMITTED BY HOLLANDIA**
17              Plaintiff,                 ) **DAIRY, INC. IN SUPPORT OF**
                                          ) **MOTION FOR JUDGMENT ON THE**
18              vs.                        ) **PLEADINGS**
                                          )
19 COUNTY OF SAN DIEGO, a California       ) Date:      March 23, 2017
   municipal corporation, CITY OF SAN      ) Time:      9:00 a.m.
20 MARCOS, a California municipal corporation, ) Judge:     Hon. Gonzalo P. Curiel
   CITY OF ESCONDIDO, a California         ) Courtroom:  2D
21 municipal corporation, VALLECITOS       )
   WATER DISTRICT, a California municipal   ) Action Filed:  February 8, 2012
22 corporation, HOLLANDIA DAIRY, INC., a    ) Trial Date:    Not Set
   California corporation, and DOES 1 through )
23 100, inclusive,                         )
                                          )
24              Defendants.                )
                                          )
25 _____     )
                                          )
26 AND RELATED COUNTER-ACTIONS             )
   AND CROSS-ACTIONS.                      )
27 _____     )

28

1    For the reasons set forth herein, Plaintiff and Counter-Defendant Citizens Development

2    Corporation, Inc. ("CDC") and Defendants, Counter-Claimants, and Cross-Claimants County of

3    San Diego, City of San Marcos, City of Escondido, and Vallecitos Water District (collectively

4    hereinafter, the "Public Entities") hereby object to the evidence submitted by Hollandia Dairy,

5    Inc. ("Hollandia") in support of its Motion for Judgment on the Pleadings set for hearing before

6    this court on March 23, 2017.  Specifically, CDC and the Public Entities assert the following

7    objections to the Declaration of John H. Reaves in support of Hollandia's Motion for Judgment

8    on the Pleadings ("Reaves Declaration") (Dkt. 191) and Exhibits 1 through 62 filed therewith

9    (Dkt. 191-1 through 191-7):

10   **I.     THE REAVES DECLARATION AND EXHIBITS FILED THEREWITH MUST BE**

11   **STRICKEN BECAUSE THE DECLARATION WAS NOT SIGNED UNDER PENALTY OF**

12   **PERJURY**

13       The Reaves Declaration was not sworn under penalty of perjury.  "When a motion relies

14   on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or

15   partly on oral testimony or on depositions." Fed. R. Civ. P. 43. Declarations under penalty of

16   perjury can be used in place of affidavits with like force and effect. 28 USC § 1746; *Owens v.*

17   *Hinsley*, 635 F3d 950, 955 (7th Cir. 2011); *Knight v. United States*, 845 F.Supp. 1372, 1374-75

18   (D. Ariz. 1993), aff'd 77 F.3d 489 (9th Cir. 1996). Here, however, since the Reaves Declaration

19   was not made under penalty of perjury, it cannot be used in the place of affidavits, and is

20   therefore inadmissible and should be stricken. Additionally, absent any admissible verified

21   declaration authenticating Exhibits 1 through 62 filed in support of Hollandia's motion, each of

22   the Exhibits numbered 1 through 62 are inadmissible.  See *Hal Roach Studios, Inc. v. Richard*

23   *Feiner & Co., Inc.*, 896 F.2d 1542, 1550-51 (9th Cir. 1990) (*citing* Fed. R. Evid. 901).

24   **II.    THE REAVES DECLARATION AND ALL EXHIBITS MUST BE STRICKEN TO**

25   **THE EXTENT THE EVIDENCE IS NOT ALREADY IN THE RECORD OR THE**

26   **SUBJECT OF JUDICIAL NOTICE**

27       In resolving a Rule 12(c) motion, unless the motion has been converted into a motion for

28   summary judgment, the court can only consider: (a) the complaint and answer; (b) any documents

attached to or mentioned in the pleadings; (c) documents not attached but "integral" to the claims; and (d) matters subject to judicial notice.  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); *Massey v. Ojaniit*, 759 F.3d 343, 347-48 (4th Cir. 2014).  Here, conversion would be inappropriate as discovery has been stayed, Hollandia has not provided notice of a request to convert its motion, and the Court has specifically permitted Hollandia only to file a Rule 12(c) motion.  *Rubert-Torres v. Hospital San Pablo, Inc*., 205 F.3d 472, 475 (1st Cir. 2000) (conversion disfavored when discovery is in infancy and no notice of conversion provided); Dkt.180. Consequently, the declaration and all exhibits must be excluded from evidence to the extent any statements in the declaration or exhibits sought to be admitted are either not in the existing record (i.e. complaint and answer and documents attached to the First Amended Complaint) or are not subject to judicial notice.

## III.    THE COURT SHOULD STRIKE THE REAVES DECLARATION BECAUSE IT VIOLATES THE ADVOCATE-WITNESS RULE

CDC and the Public Agencies object to the Reaves Declaration to the extent it violates the advocate-witness rule which "prohibits an attorney from appearing as both a witness and an advocate in the same litigation." *United States v. Prantil*, 764 F.2d 548, 552–53 (9th Cir 1985); see also *Ramey v. District 141, Int'l Ass'n of Machinists & Aerospace Workers,* 378 F.3d 269, 282-83 (2d Cir. 2004); *United States v. Edwards,* 154 F.3d 915, 921 (9th Cir. 1998); *United States v. Jones* 600 F.3d 847, 861-62 (7th Cir. 2010).

On the ostensible basis of personal knowledge attained in his role as counsel, John Reaves submits a declaration with:

• An argumentative summary/recital of statements in the parties pleadings and statements made by certain parties in Joint Status Reports filed with this court [Reaves Decl. ¶¶ 2-8, 27, 28, & 126]; and

• A recital of statements in the Investigative Order ("IO"), which is already attached to CDC's First Amended Complaint [Reaves Decl. ¶¶ 29-30, 33, 39, 54];

• Purported background information and summaries of the regulatory actions involving Lake San Marcos, argumentative and biased summaries of information which was reported in the  RI/FS

(Exhibit 1), irrelevant arguments about the implications of the fact that the Regional Board has not instituted regulatory action against Hollandia, arguments about the implications of what was not reported in the RI/FS, limited information regarding the lake's history and historical data collection and analysis of the lake, argumentative statements regarding alleged causes of impairment at the lake, and actions taken by CDC, the Public Entities, and other entities  in connection with the Lake [Reaves Decl. ¶¶ 9-26, 31, 34, 36, 78-79, 98-125];

- A factual recitation relating to the location and history of Hollandia Dairy, its operations, and its history, including its history of documented discharges of manure, its use of "greenwater", and its history of selling a portion of its land to San Marcos Unified School District, and a photograph of the Hollandia Dairy Property from Google Images.  [Reaves Decl. ¶¶ 34-35 86-87, & 125];

- Recitals of statutes and regulations, summaries of documents promulgated by certain regulatory agencies, citations and quotations to case law, statements of a scientific nature including an explanation of the differences between elements, compounds, and mixtures, explanations of ammonia and nitrogen, and an explanation of the cycle of nitrogen, followed by a legal argument that phosphates, nitrates, and ammonium are not CERCLA hazardous substances, and scientific opinions derived therefrom [Reaves Decl. ¶¶ 29, 38-49, 59, 61-77, 79, 81-85];

- Information regarding regulatory actions at other sites [Reaves Decl. ¶ 58, 60];

- A summary of the law regarding the CERCLA exception for fertilizer use, and a cursory legal argument that Hollandia's fertilizer use qualifies for the exception. [Reaves Decl. ¶ 88-89]; and

- Purported expert scientific opinion with citations to literature to the effect that, based upon the RI/FS, and responses to comments as part of the regulatory process, Hollandia's discharges are buried or were flushed  [Reaves Decl. ¶ 90-97].

None of these are proper subjects for testimony by counsel. The allegations in the pleadings and attachments thereto are matters of public record. None of factual matters or legal arguments to which Mr. Reaves attests, to the extent they are relevant, are properly introduced via counsel's testimony or are proper subjects for counsel's sworn opinions and commentary. Whatever relevant, admissible evidence exists speaks for itself.

Throughout his declaration, Mr. Reaves fails to distinguish between the alleged facts and his arguments about what these facts supposedly show. Such evaluative witness testimony and opinion confuses the role between counsel and witness. It is one thing to authenticate documents, transcripts, and transcribed witness testimony via the declaration of counsel and then argue about the significance of this proof in motion practice, it is quite another to do both in what purports to be a fact-witness declaration made by counsel.

The advocate-witness rule is enshrined in provisions like the American Bar Association's Model Rule of Professional Conduct 3.7, which provides in part that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be necessary as a witness unless "the testimony relates to an uncontested issue" or "the nature and value of legal services rendered in the case." While the rule focuses on trial testimony, the California Court of Appeals rightly has construed it more broadly to apply to proceedings before the bench. *Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1210–11 (Cal. Ct. App. 2011); accord *United States v. Johnston*, 690 F.2d 638, 644 (7th Cir. 1982) "Most of the difficulties inherent in an attorney's taking on the role of both advocate and witness are present regardless of whether the attorney's testimony will be given in front of a jury or a judge." *Kennedy*, 201 Cal. App. 4th at 1210. Simply put, "the roles of advocate and witness are entirely irreconcilable and should not be undertaken by a single individual." *Id.* (internal quotation marks omitted). The Ninth Circuit has held that district courts do not err by considering the ABA's Model Code since "California courts cite and apply the Model Code as a source of ethical principles and rules governing California lawyers." *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 439 (9th Cir. 1983). This Court expressly looks to the Rules of the California State Bar and the American Bar Association's rules for guidance in these matters. S.D. Cal. Civ. R. 83.4(b). The local rules provide that "the court may take any appropriate measures to address violations of the rules." S.D. Cal. Civ. R. 83.4(a).

Counsel should be limited to swearing to the authenticity of admissible evidence via declaration, and can then argue the meaning and significance of this evidence as an advocate. Mr. Reaves should not be permitted to do what he purports to do here—testify as a fact witness based upon supposed personal knowledge ostensibly gained via his involvement as counsel in this

1   lawsuit. Courts enforce the advocate-witness rule even at the pre-trial stage of proceedings when

2   they deem it necessary to protect the integrity of the fact-finding process. See, e.g., *Gen. Mill*

3   *Supply Co. v. SCA Servs., Inc.,* 697 F.2d 704, 715–16 (6th Cir. 1982). This is necessary here

4   precisely because Mr. Reaves attempts to establish hotly disputed facts about the litigation and

5   make contentious legal arguments by way of his own testimony. Under the present circumstances,

6   CDC and the Public Entities respectfully submit that the appropriate measure is to disallow Mr.

7   Reaves from testifying as a fact witness.  CDC and the Public Entities, therefore, request that the

8   Court strike Mr. Reaves declaration to the extent it goes beyond simply authenticating documents.

9   **IV.    THE COURT SHOULD STRIKE THE REAVES DECLARATION BECAUSE IT**

10  **VIOLATES THE BEST EVIDENCE RULE AND SEEKS TO CIRCUMVENT THE PAGE**

11  **LIMITATION FOR MOTIONS**

12       The best-evidence rule requires a party trying to prove the content of a written document

13  to introduce the document itself.  *Rodriguez v. Senor Frog's de la Isla, Inc.*, 642 F.3d 28, 34 (1st

14  Cir. 2011); *see also United States v. Diaz-Lopez*, 625 F.3d 1198, 1201 (9th Cir. 2010)

15  ("[P]resenting to a court the exact words of a writing is of more than average importance . . . .").

16  Mr. Reaves, in his declaration, attempts to testify as to the content of numerous documents,

17  frequently mischaracterizing the content of the document or omitting important language in the

18  process.  To the extent that the referenced documents are deemed admissible, the documents must

19  speak for themselves, and Mr. Reaves' testimony argumentatively paraphrasing and

20  misconstruing these documents is not admissible.

21       Attorneys, of course, are free to cite from admissible documents when making their

22  arguments; however, they cannot re-characterize their arguments as evidence.  "Arguments and

23  statements by lawyers are not evidence." *United States v. Moreland,* 622 F.3d 1147, 1162 (9th

24  Cir. 2010).  Hollandia, by offering a declaration arguing about the significance of documents,

25  rather than simply attaching them, is improperly attempting to use the declaration as a

26  supplemental argumentative brief.  Prior to filing its moving papers, Hollandia requested leave to

27  file an 80-page brief and the Court denied its application, limiting it to the 25 pages allowed

28  under local rules.  Dkt. 188; *see* S.D. Cal. Civ. R. 7.1(h).  Hollandia appears to have taken the 55

1  pages of argument that it was not allowed to include its points and authorities and repackaged it

2  as a supporting declaration.  This is contrary to the Court's ruling denying it leave to file excess

3  pages, and the declaration should be stricken on this additional basis.

4  **V.    VARIOUS PORTIONS OF THE REAVES DECLARATION AND EXHIBITS**

5  **PURPORTED TO BE AUTHENTICATED THEREBY ARE INADMISSIBLE UNDER**

6  **THE FEDERAL RULES OF EVIDENCE**

7         Even if the Court considers the Reaves Declaration or any of the exhibits purported to be

8  authenticated thereby, portions of it are inadmissible and should be disregarded. Evidence

9  submitted to the Court on motion practice must meet all requirements for admissibility of

10  evidence if offered at the time of trial.  *Beyene v. Coleman Sec. Services, Inc*., 854 F.2d 1179,

11  1181-82 (9th Cir. 1988); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc*., 252 F.

12  Supp. 2d 917, 923 (D. Ariz. 2003). See also Fed. R. Evid. 101 (Rules of Evidence apply to all

13  proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule

14  101). For example, evidence must be relevant to the claims and defenses of the case. Fed. R.

15  Evid. 401; 403; *McCormick v. City of Lawrence, Kan*., 2007 WL 38400, at *3 (D. Kan. Jan. 5,

16  2007). Testimonial evidence must be based on the personal knowledge of the witness offering the

17  evidence. Fed. R. Evid. 602. Testimony requiring scientific, technical, or other specialized

18  knowledge may be given only by an expert witness with the requisite knowledge, skill,

19  experience, training, or education, and opinion testimony is not permitted of a lay person. Fed. R.

20  Evid. 701, 702; see also *U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.,* 296 F.

21  Supp. 2d 1322, 1331 (S.D. Ala. 2003) (unqualified expert opinions inadmissible at summary

22  judgment). Furthermore, documentary evidence must be properly authenticated (usually by

23  declaration by someone with personal knowledge of the document's genuineness and execution).

24  See *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550-1551 (9th Cir.

25  1990) (attorney's summary of a registration statement insufficient authentication).  The Reaves

26  Declaration and exhibits attached thereto purported to be authenticated thereby fails to meet one

27  or more of these criteria, as set forth below.

28

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| Reaves Decl., at ¶ 2 | Fed. R. Evid. 401, 402, 403, 602, 701, 702<br>The statements are irrelevant, argumentative, mischaracterize the documents, speculative, lack foundation, are not within the witness's personal knowledge, and are improper opinion testimony. The pleadings speak for themselves. The fact that information regarding the lake cleanup is available on the Regional Board's website is not relevant to the pending motion. |
| Reaves Decl., at ¶ 3 | Fed. R. Evid. 602 & 1002<br>The statements are argumentative and mischaracterize the referenced documents. The pleadings speak for themselves. |
| Reaves Decl., at ¶ 4 | Fed. R. Evid. 602 & 1002<br>The statements are argumentative and mischaracterize the referenced documents. The pleadings speak for themselves. |
| Reaves Decl., at ¶ 5 | Fed. R. Evid. 602 & 1002<br>The statements are argumentative and mischaracterize the referenced documents. The pleadings speak for themselves. |
| Reaves Decl., at ¶ 6 | Fed. R. Evid. 602 & 1002<br>The statements are argumentative and mischaracterize the referenced documents. The pleadings speak for themselves. |
| Reaves Decl., at ¶ 7 | Fed. R. Evid. 602 & 1002<br>The statements are argumentative and mischaracterize the referenced documents. The pleadings speak for themselves. |
| Reaves Decl., at ¶ 8 | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| Reaves Decl., at ¶ 9 | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| Reaves Decl., at ¶ 10 | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| **Reaves Decl., at ¶ 11** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 12** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 13** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 14** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 15** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 16** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 17** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 18** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 19** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 20** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 21** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 22** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 23** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 24** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 25** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 26** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 27** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 28** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 29** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 30** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 31** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 32** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, the statement that the RI/FS authors signed the certification is not supported by the evidence (Exhibit 1-2).<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 33** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). <br><br> Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 34** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). <br><br> Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 35** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. <br><br> Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 36** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 37** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | improper opinion testimony, and constitute inadmissible hearsay. <br><br> Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 38** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 <br> The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 39** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 <br> The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. <br><br> Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 40** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 <br> The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 41** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 <br> The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 42** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 <br> The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v.* |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | *Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 43** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 44** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 45** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 46** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 47** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v.* |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | *Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 48** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 49** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 50** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 51** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 52** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | improper opinion testimony, and constitute inadmissible hearsay. Mr. Reaves' declaration does not indicate that he has the necessary expertise to provide such expert testimony. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 53** | none |
| **Reaves Decl., at ¶ 54** | Fed. R. Evid. 602 & 1002<br>The statements are argumentative and mischaracterize the referenced documents. The pleadings and attachments thererto, including the IO speak for themselves. |
| **Reaves Decl., at ¶ 55** | none |
| **Reaves Decl., at ¶ 56** | none |
| **Reaves Decl., at ¶ 57** | none |
| **Reaves Decl., at ¶ 58** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, & 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 59** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 60** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 61** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 62** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 63** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 64** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 65** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 66** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 67** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 68** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 69** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 70** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 71** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 72** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 73** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 74** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 75** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 76** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 77** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 78** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.

Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 79** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.

Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 80** | none |
| **Reaves Decl., at ¶ 81** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 82** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 83** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 84** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 85** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 86** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 87** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 88** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 89** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 90** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 91** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 92** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 93** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 94** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Further, as the RI/FS is a subsequent remedial measure, statements |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 95** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |
| **Reaves Decl., at ¶ 96** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 97** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 98** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 99** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 100** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 101** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 102** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 103** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 104** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 105** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 106** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 107** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 108** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 109** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 110** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 111** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 112** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 113** | none |
| **Reaves Decl., at ¶ 114** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. |
| **Reaves Decl., at ¶ 115** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 116** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 117** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 118** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 119** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999).<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 120** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002<br>The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 121** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. <br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 122** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. <br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 123** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. <br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 124** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. <br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 125** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). |

| PROFFERED EVIDENCE | OBJECTION(S) |
|---|---|
| | Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |
| **Reaves Decl., at ¶ 126** | Fed. R. Evid. 401, 402, 403, 602, 701, 702, 703, 801-807 & 1002 The statements are irrelevant, argumentative, mischaracterize the pleadings, speculative, lack foundation, are not within the witness's personal knowledge, constitutes improper legal opinion, constitute improper opinion testimony, and constitute inadmissible hearsay.<br><br>Further, as the RI/FS is a subsequent remedial measure, statements regarding the RI/FS and the contents of the RI/FS are inadmissible under Fed. R. Evid. 407 to prove negligence or culpable conduct. |

| PROFFERED EVIDENCE | OBJECTION |
|---|---|
| **Exhibit No. 1.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. Further, since the RI/FS is a subsequent remedial measure, the document should also be excluded to the extent it is introduced to prove negligence or culpable conduct on the part of CDC or the Public Agencies. |
| **Exhibit No. 2.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. Further, since the RI/FS is a subsequent remedial measure, the document should also be excluded to the extent it is introduced to prove negligence or culpable conduct on the part of CDC or the Public Agencies. |
| **Exhibit No. 3.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 4.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 5.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 6.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |

| PROFFERED EVIDENCE | OBJECTION |
|---|---|
| **Exhibit No. 7.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 8.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 9.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 10.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 11.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 12.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 13.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 14.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 15.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 16.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 17.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 18.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 |

| PROFFERED EVIDENCE | OBJECTION |
|---|---|
| | The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 19.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 20.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 21.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 22.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 23.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 24.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 25.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 26.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 27.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 28.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 29.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible |

| PROFFERED EVIDENCE | OBJECTION |
|---|---|
| | hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 30.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 31.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 32.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 33.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 34.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 35.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 36.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 37.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 38.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 39.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 40.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be |

| PROFFERED EVIDENCE | OBJECTION |
|---|---|
| | considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 41.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 42.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 43.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 44.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 45.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 46.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 47.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 48.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 49.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 50.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 51.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901<br>The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |

| PROFFERED EVIDENCE | OBJECTION |
|---|---|
| **Exhibit No. 52.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 53.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 54.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 55.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 56.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 57.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 58.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 59.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 60.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 61.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |
| **Exhibit No. 62.** | Fed. R. Evid. 401, 402, 403, 407, 602, 801-807, & 901 <br> The document sought to be admitted is irrelevant, is inadmissible hearsay, and is not properly authenticated. The document cannot be considered in connection with a Rule 12(c) motion. |

JOINT OBJECTIONS TO EVIDENCE

Case No.: 12-CV-00334 GPC KSC

1    CDC and the Public Entities respectfully request that the Court sustain the above

2    objections and strike the evidence referred to above.

3    DATED:  March 3, 2017                                    CAUFIELD & JAMES, LLP

4                                                             *s/ Jeffery L. Caufield*

5                                                             Jeffery L. Caufield, Esq.
                                                              Attorneys for Citizens Development
6                                                             Corporation, Inc.

7

8    DATED:  March 3, 2017                                    MEYERS FOZI, LLP

9                                                             *s/ Athena Troy*

10                                                            Athena Troy, Esq.
                                                              Attorneys for Vallecitos Water District

11

12   DATED:  March 3, 2017                                    WALSWORTH FRANKLIN BEVINS &
                                                              McCALL, LLP
13
                                                              *s/ Rudy R. Perrino*
14
                                                              Rudy R. Perrino, Esq.
15                                                            Attorneys for the County of San Diego

16

17   DATED:  March 3, 2017                                    BOOTH, LLP

18                                                            *s/ Joshua N. Levine*

19                                                            Joshua N. Levine, Esq.
                                                              Attorneys for the City of Escondido

20

21   DATED:  March 3, 2017                                    LEWIS BRISBOIS BISGAARD &
                                                              SMITH, LLP
22
                                                              *s/ Berj Parseghian*
23
                                                              Berj Parseghian, Esq.
24                                                            Attorneys for the City of San Marcos

25

26

27

28

JOINT OBJECTIONS TO EVIDENCE

Case No.: 12-CV-00334 GPC KSC

DATED:  March 3, 2017                    THE SIMPSON LAW FIRM

                                         *s/ Douglas J. Simpson*
                                         Douglas J. Simpson, Esq.
                                         Attorney for Counter-Defendant Citizens
                                         Development Corporation, Inc.


       Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and

Procedures of the United States District Court for the Southern District of California, I certify that

the content of this document is acceptable to all above-referenced counsel and that I have

obtained authorization from all counsel to affix their signatures to this document.


DATED:  March 3, 2017                    CAUFIELD & JAMES, LLP

                                         *s/ Jeffery L. Caufield*
                                         Jeffery L. Caufield, Esq.
                                         Attorneys for Plaintiff/Counter-Defendant
                                         Citizens Development Corporation, Inc.
                                         E-mail: jeff@caufieldjames.com