UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS DEVELOPMENT CORPORATION, INC., a California corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a California municipal corporation, CITY OF SAN MARCOS, a California municipal corporation, CITY OF ESCONDIDO, a California municipal corporation, HOLLANDIA DAIRY, INC., a California corporation, and DOES 1 THROUGH 100, inclusive,<br><br>                              Defendants.<br><br>AND RELATED COUNTER-ACTIONS AND CROSS-ACTIONS | Case No.: 3:12-cv-334-GPC-KSC<br><br>**ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER**<br><br>**[ECF No. 305]** |

Before the Court is Hollandia Dairy, Inc. ("Hollandia")'s Motion to Modify Scheduling Order pursuant to Federal Rule of Civil Procedure ("FRCP") 16(b)(4), filed on May 15, 2019. ECF No. 305. A joint opposition was filed by Plaintiff/Counter-Defendant Citizens Development Corporation ("CDC") and Defendants/Cross-Claimants

City of San Marcos, City of Escondido, County of San Diego and Vallecitos Water District (collectively the "PADS") on May 29, 2019. ECF No. 318. Upon reviewing the moving papers, the Court **DENIES** Hollandia's Motion to Modify the Scheduling Order.

On April 24, 2019, Hollandia filed a Third Party Complaint against 337 new Third-Party Defendants without seeking leave of Court to do so as required by the Court's March 14, 2019 Scheduling Order. ECF No. 284. As a result, this Court issued an Order to Show Cause for why the Court should not strike the third-party complaint. ECF No. 296. Upon review of the responsive pleadings, the Court ordered that Hollandia's Third Party Complaint, ECF No. 300, be stricken from the record for failure comply with the Court's Scheduling Order, ECF No. 276, that motions to join other parties be filed by April 12, 2019. ECF No. 302. In addition, the Court ordered that "Hollandia adhere to Federal Rule of Civil Procedure 16(b)(4) and seek leave of Court through a motion to join other parties, which shall be filed on or before May 15, 2019." (Emphasis added.) *Id*. On May 15, 2019, Hollandia filed the instant Motion to Modify Scheduling Order under FRCP Rule 16(b)(4).

## I.     FRCP 16(b)(4)

A Rule 16 conference order "controls the course of the action unless the court modifies it." FRCP 16(d). As such, a "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotes omitted). Consequently, modification of a scheduling order requires not only a judge's consent but also a showing of "good cause." To establish "good cause," parties seeking modification of a scheduling order must show that even with the exercise of "due diligence," they still cannot meet an order's timetable. *Johnson*, 975 F.2d at 609. In evaluating a FRCP 16(b)(4) motion, courts consider: (1) the degree of prejudice to the parties, (2) the timeliness of the request, (3) the impact of the modification on the orderly conduct of the proceedings, (4) whether any willfulness, bad faith, or inexcusable neglect exists. *See Hunt v. County of Orange*, 672 F.3d 606, 616-17 (9th Cir. 2012).

## II. DISCUSSION

Magistrate Judge Crawford's Scheduling Order was clear: "any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by April 12, 2019." ECF No. 276. As the Joint Opposition notes, the Court issues orders that it expects parties and their counsel to read, review, and follow. ECF No. 318. Failure to read the original Scheduling Order does not constitute "excusable neglect" or "good cause" to modify that order. In addition, Hollandia re-filed its Third-Party Complaint without seeking leave of Court even after Hollandia was warned by the CDC and the PADS that the filing was procedurally defective under FRCP Rule 14. Likewise, Counsel's inability to conduct the requisite legal research for procedural instruction on how to add claims against third-parties does not fall within the purview of "good cause" to amend the scheduling order. And moreover, Hollandia's non-disclosure during the March 8, 2019 Case Management Conference of its intent to add 337 new parties strains credulity that "Hollandia worked diligently with other parties and the Magistrate Judge in the March 8, 2019 Case Management Conference, and the prior Rule 26(f) Report, so that the Judge could create a workable Rule 16 order." ECF No. 305.

Thus, the Court finds that Hollandia has not established "good cause" for why it did not properly seek leave to amend in a timely fashion. The Court also cannot infer good cause from Hollandia's defective and untimely attempts to add new defendants and modify the scheduling order. And at this late juncture – nearly two months after Hollandia improperly filed his initial Third-Party Complaint and even after this Court's explicit directive to do so, Hollandia *still* has yet to file a motion to join other parties, explaining precisely why and how 337 new defendants should be added approximately seven years after this case initially began.

In submitting just a Motion to Modify Scheduling Order, Hollandia once again contravenes this Court's prior order that Hollandia must also "**seek leave of Court through a motion to join other parties, which shall be filed on or before May 15, 2019**." (Emphasis added.) ECF No. 302. A motion to modify scheduling order is not a

substitute for a motion to join other parties.  In addition, Hollandia has provided no justification to support the addition of 334 new defendants under FRCP 14.  Although Hollandia contends that CDC's "new" RCRA claim justifies the addition of more defendants, the Court notes that Hollandia has been on notice of the claim since 2012.  Moreover, Hollandia's attempt to add 337 tangentially-related parties appears to be predicated on the theory that the release of even one molecule of a hazardous substance creates liability under CERCLA and RCRA.  The Court previously addressed with this theory in its order denying Hollandia's Motion for Judgment on the Pleadings, noting that such a contention was an "absurd" and untenably overbroad reading of CERCLA liability.  Consequently, any attempt to add new parties on this rejected liability theory – in conjunction with Hollandia's procedural failures to properly do so – does not constitute "good cause."  And finally, the addition of 337 new defendants to the action at this stage would result in substantial complication of the issues at trial and a strong likelihood of trial delay.

    The Court is flummoxed by Hollandia's repeated failures to comply with the Court's orders.  At best, counsel for Hollandia carelessly neglects to perform his due diligence by reading the Court's explicit directives.  At worst, counsel for Hollandia has shown a marked penchant for willfully ignoring the Court's orders.  Although the Court will refrain from imposing sanctions in this particular instance, Hollandia is placed on notice that repeated failures to abide by court orders will undoubtedly result in consequences, including possible sanctions.  Ultimately, for the reasons stated herein, the Court will not permit Hollandia to add new defendants at this juncture.  Accordingly, the Court **DENIES** Hollandia's Motion to Modify Scheduling Order.

    **IT IS SO ORDERED.**

Dated:  June 7, 2019

_____
Hon. Gonzalo P. Curiel
United States District Judge