| | |
|---|---|
| CITIZENS DEVELOPMENT CORPORATION, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a California municipal corporation, CITY OF SAN MARCOS, a California municipal corporation, CITY OF ESCONDIDO, a California municipal corporation, HOLLANDIA DAIRY, INC., a California corporation, and DOES 1 THROUGH 100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER-ACTIONS AND CROSS-ACTIONS | Case No.: 3:12-cv-334-GPC-KSC<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>**[ECF No. 299]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is Citizens Development Corporation's ("CDC") Motion to Strike the Declaration of John Reaves, ECF No. 270-1. ECF No. 299. As directed by Judge Crawford in her order imposing sanctions on Mr. Reaves for his disclosure of confidential settlement information, Hollandia Dairy, Inc. ("Hollandia") has filed a notice

1

of non-opposition informing this Court that he does not object to the removal of confidential information contained within Mr. Reaves' Declaration from the Court's docket. ECF No. 321. On August 2, 2019, Hollandia filed an opposition to CDC's motion to strike clarifying that while Hollandia would not oppose the removal of confidential settlement information from the Reaves declaration, it did still oppose the removal of other facts recited in the declaration provided "in rebuttal to unwarranted assertions in the Joint Objection that Mr. Reaves had supposedly behaved 'with antagonism' toward counsel." ECF No. 334 at 2. CDC followed with a reply in support of the remainder of the motion to strike. ECF No. 337. Upon reviewing the papers, the Court hereby **GRANTS** the motion to strike paragraphs 18, 19, and 20 of the Reaves Declaration.

Under Rule 12(f), a "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal.1992); *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1037 (C.D.Cal.1998). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Benham v. Am. Servicing Co.*, C 09–01099 JSW, 2009 WL 4456386 (N.D.Cal. Nov. 30, 2009). On the other hand, courts frequently deny motions to strike when no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f). See 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) (collecting cases).

Paragraph 18 of the Reaves declaration should be stricken from the Court's docket per both Judge Crawford's order maintaining all conference discussions "off the record, privileged and confidential", and Hollandia's subsequent notice of non-opposition. *See*

ECF No. 209.  In addition, counsel for Hollandia – in refusing to withdraw Paragraph 18 – again dangerously toes the line in disclosing confidential settlement communications before this Court.  Counsel has already been very recently sanctioned for this behavior by Judge Crawford.  The Court also finds that the content in Paragraph 19 – which includes personal attacks and tit-for-tat blame-shifting – contravenes the Code of Conduct under Civil Local Rule 83.4(a)(1)(a) and (a)(2)(a).  Moreover, as Judge Crawford referenced in her order to show cause, "the dispute regarding whether Mr. Caufield or Mr. Reaves is more culpable for unfruitful settlement discussions has absolutely no bearing" on this Court's evaluation of the subject motion.  ECF No. 319 at 6.  And finally, Paragraph 20 appears to refer to prior statements made during a settlement conference before Magistrate Judge Stormes in a completely unrelated case.  *See* ECF No. 299-1 at ¶ 3. Once again, the content in that paragraph has absolutely no bearing on the briefings at hand.

Accordingly, the Court hereby **ORDERS** that Paragraphs 18, 19, and 20 be stricken from the Reaves Declaration, ECF No. 270-1, and instructs Hollandia to file a corrected version of the Declaration.

**IT IS SO ORDERED.**
Dated:  August 13, 2019

Hon. Gonzalo P. Curiel
United States District Judge