UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS DEVELOPMENT CORPORATION, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a California municipal corporation, CITY OF SAN MARCOS, a California municipal corporation, CITY OF ESCONDIDO, a California municipal corporation, VALLECITOS WATER DISTRICT, a California municipal corporation, HOLLANDIA DAIRY, INC., a California corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 12CV334 GPC(KSC)<br><br>**ORDER DENYING JOINT MOTION TO STAY**<br><br>**[ECF No. 371]** |

Before the Court is the Joint Motion to Stay filed by Plaintiff and Counter-Defendant Citizens Development Corporation, Inc. ("CDC"), Defendant and Counter-Claimant County of San Diego ("County"), and Defendants, Counter-Claimants, and Cross-Claimants City of San Marcos ("San Marcos"), City of Escondido ("Escondido"), and Vallecitos Water District ("Vallecitos") (collectively, "the Parties"). ECF No. 371.

**I.     Background**

Plaintiff filed the Complaint in this action in February 8, 2012. ECF No. 1. Parties have been working in private mediation to reach a settlement since approximately March 2013. ECF No. 91 at 3-4. Based upon these settlement efforts, the Court has granted a number of stays from January 8, 2014 through October 11, 2016 to allow the Parties to pursue settlement. ECF Nos. 94, 180. Since settlement was not reached, the stay was lifted as of February 10, 2017. ECF No. 180.

On June 5, 2017, the San Diego Regional Water Quality Control Board ("RWQCB") originally approved the parties' submitted report that outlined measures that the parties would undertake to remedy the water pollution that gives rise to this action. ECF No. 371 at 4-5. Parties now seek to stay this case for ninety days until after the RWQCB rules on the parties' application for a variance. ECF No. 371 at 5. The parties allege that this stay is necessary since the magnitude of damages currently cannot be ascertained until RWQCB issues its decision on the variance application since, if the parties' application is granted, the cost estimates – currently at around $11.3 million – will likely remain unchanged, but if their application is denied, the cost estimates will likely increase. *Id.* at 4.

Parties assert that the need for this variance stems from the discovery of groundwater wells containing chemical constituents in the "latter part of 2019." *Id.* at 5. The RWQCB told parties that they must resolve this issue of the groundwater wells before taking further steps. As a result, the parties state they must make an application for a variance to address this issue, but the parties have yet to apply for the variance and anticipate that it would be "submitted in the next three (3) weeks." ECF No. 371 at 8. The parties estimate that the process for deciding the variance would take "many months, possible as much as a year to complete." *Id.* The parties further state that "[w]hile the Parties continue to hold monthly calls with the

RWQCB, the Parties have no control over the RWQCB's approval process or timeline." *Id.*

## II. Discussion

A court has the inherent power to stay proceedings. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Ninth Circuit has noted the following three considerations that a district court should take into account before entering a stay: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 268.

Parties argue that the doctrine of primary jurisdiction applies because the amount of CDC's alleged damages depends on the RWQCB's decision. ECF No. 371 at 11. "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable,* 523 F.3d 1110, 1114 (9th Cir.2008). Primary jurisdiction is a "prudential" doctrine that permits a court to stay or dismiss a case if an "otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* (citing *Syntek Semiconductor Co. v. Microchip Tech. Inc.,* 307 F.3d 775, 780 (9th Cir. 2002)). "[I]t is to be used only if a claim requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency, and if protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which

administers the scheme." *Id.* (internal citations and quotation marks omitted). "No fixed formula exists for applying the doctrine of primary jurisdiction." *Davel Commc'ns, Inc. v. Qwest Corp.,* 460 F.3d 1075, 1086 (9th Cir. 2006) (quoting *United States v. W. Pac. R.R. Co.,* 352 U.S. 59, 64, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956)). Ninth Circuit courts, however, weigh four factors in determining whether to apply the doctrine:

> (1) [whether] the issue is not "within the conventional experiences of judges," (2) [whether] the issue "involves technical or policy considerations within the agency's particular field of expertise," (3) [whether] the issue "is particularly within the agency's discretion," or (4) [whether] "there exists a substantial danger of inconsistent rulings.

*Maronyan v. Toyota Motor Sales, U.S.A., Inc.,* 658 F.3d 1038, 1048–49 (9th Cir. 2011) (quoting *Brown v. MCI WorldCom Network Servs., Inc.,* 277 F.3d 1166, 1172–73 (9th Cir. 2002)). A court must balance the parties' need to resolve the action expeditiously against the benefits of obtaining the agency's expertise on the issues. *Maronyan,* 658 F.3d at 1049.

Courts in the Ninth Circuit have similarly found that a stay exercise of primary jurisdiction was not warranted where there was no indication that an agency's decision would be made in a timely fashion. *Molnar v. NCO Fin. Sys., Inc.*, 2015 WL 1906346, at *6 (S.D. Cal. Apr. 20, 2015) (denying motion to stay where a third-party agency had given "no indication that imminent clarification is forthcoming"); *Jordan v. Nationstar Mortg. LLC*, No. 14-CV-00787-WHO, 2014 WL 5359000, at *1 (N.D. Cal. Oct. 20, 2014) (denying application of primary jurisdiction doctrine and denying stay where there was no indication that outside agency would rule "imminently" on the pending petitions). Here, the parties have failed to show that the RWQCB's decision will issue within a reasonable time frame, and have additionally failed to establish that obtaining the benefits of the RWQCB's decision outweighs the need to resolve this litigation that has languished on the Court's docket for over eight years.

Ultimately, the Court finds that the need to resolve this action in a timely fashion weighs heavily against issuing a stay. Granting a further stay and delay of this litigation nearing a decade in age would certainly disrupt the "orderly course of justice." *CMAX*, 300 F.2d at 268.

The Parties' Joint Motion to Stay is **DENIED**.

IT IS SO ORDERED.

Dated: April 7, 2020

Hon. Gonzalo P. Curiel
United States District Judge