UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS DEVELOPMENT CORPORATION, INC., <br><br>　　　　　　　Plaintiff, <br><br>v. <br><br>COUNTY OF SAN DIEGO, California municipal corporation, et al., <br><br>　　　　　　　Defendants. | Case No.: 3:12-CV-334-GPC(KSC) <br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER; AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

　　　　Before the Court is the parties' June 5, 2020 Joint Motion to Amend Scheduling Order. Dkt. No. 390.  The parties report that the COVID-19 public emergency has hampered their efforts to complete discovery in a timely fashion.  *Id.* at 2.  In particular, the parties state that (1) many experts live outside the state and would be required to travel to conduct site inspections and depositions, which the experts (at least two of whom are over age 65) are unwilling to do; (2) of the numerous fact witness depositions that must be completed, possibly half of those witnesses are over the age of 65 and thus considered high-risk and *may* be unable or unwilling to be deposed (presumably in person); and (3) counsel for the parties are under shelter-in-place orders which, despite counsel's diligence, has slowed their ability to conduct discovery and prepare for trial. *Id.* at 5-6. Based on the foregoing, the parties request that ***all*** dates in the March 13, 2020

Scheduling Order [Dkt. No. 366] be extended by six months. *Id.* at 3.

The Court is mindful that COVID-19 public emergency has "been disruptive to normal work routines" for many litigants. *Id.* at 6. However, the Court is also mindful of its "responsibility" under Federal Rule of Civil Procedure 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Malibu Textiles*, *Inc. v. Label Lane Int'l*, *Inc.*, 922 F.3d 946, 955 (9th Cir.), cert. denied sub nom. *H&M Hennes & Mauritz*, *LP v. Malibu Textiles*, *Inc.*, 140 S. Ct. 456 (2019) (quoting Fed. R. Civ. P. 1). This matter has been pending in this District since 2012, and the parties were previously advised that discovery must proceed expeditiously. Granted, when this directive was given, the shelter-in-place directive due to the COVID-19 pandemic had not yet been put in place. Still, the Court doubts that the parties' inability to timely complete discovery can be blamed entirely on COVID-19.

The Court also notes that the parties' request for an extension is replete with generalities and speculation rather than specific details about what discovery can, and cannot, be completed under current circumstances. *See* Dkt. No. 390 at 5-6; Dkt. No. 390-1 at 2-3 (same). The parties' failure to provide the Court with specifics – despite being explicitly requested to do so – leads the Court to conclude the parties should be able to complete discovery more rapidly than their Joint Motion suggests. Further, it does not appear that the parties have conducted any meaningful written discovery during the three months since the Scheduling Order was issued on March 13, 2020 [Dkt. No. 366], as the parties acknowledge in their Joint Motion in which they represent that "[w]hile the parties have propounded *or will soon be propounding* written discovery …" Dkt. No. 390 at 3 (emphasis added). This suggests that the parties have failed to proceed expeditiously with any meaningful discovery for the last several months, even the written discovery that could have been pursued during the shelter-in-place period.

With respect to depositions and related discovery for both fact and expert witnesses, the Court has knowledge of other cases in which depositions of individuals who are elderly or otherwise at greater risk of developing COVID-19 have proceeded,

1  with stipulated procedures to modify the protocol for doing so.  Indeed, as Judge Lopez
2  of this District recently observed, "attorneys and litigants are adapting to new ways to
3  practice law" in facing the challenges presented by the pandemic.  *See United States for*
4  *use & benefit of Chen v. K.O.O. Constr., Inc.*, No. 19CV1535-JAH-LL, 2020 WL
5  2631444, at *2 (S.D. Cal. May 8, 2020).  Here, for example, if an elderly out-of-state
6  expert needs information which can only be elicited from a site inspection of conditions
7  at Lake San Marcos, the retaining party should consider how this function can be
8  delegated to a local consultant under the direction of the out-of-state expert, who can
9  thereby obtain the necessary information without the need to travel.  Also, depositions
10 can be taken remotely through a myriad of secure virtual technologies, without the need
11 for counsel or the court reporter to be in the same room as the witness.  These and other
12 creative approaches should be considered, and where appropriate, adopted.
13        Accordingly, while the Court will permit a short extension of time to complete fact
14 and expert discovery, the Court finds the parties have not shown good cause to extend
15 other pretrial deadlines, except as set forth below.
16        Based on the foregoing, and good cause appearing, **IT IS HEREBY ORDERED**:
17        1.    All fact discovery shall be completed by all parties by **December 18, 2020**.
18 "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil
19 Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period
20 of time in advance of the cut-off date, **so that it may be completed** by the cut-off date,
21 taking into account the times for service, notice and response as set forth in the Federal
22 Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer**
23 **regarding all discovery disputes in compliance with Local Rule 26.1(a).**  The Court
24 expects counsel to make every effort to resolve all disputes without court intervention
25 through the meet and confer process.   If the parties reach an impasse on any discovery
26 issue, counsel shall file an appropriate motion within the time limit and procedures
27 outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in**
28 **this regard will result in a waiver of a party's discovery issue.  Absent an order of**

**the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The parties shall designate their respective experts in writing by **November 6, 2020**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be **November 20, 2020**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **December 18, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **January 15, 2021**.

5. All expert discovery shall be completed by all parties by **April 2, 2021**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. A Mandatory Settlement Conference shall be conducted on **April 14, 2021** at **2:00 p.m.** in the chambers of **Magistrate Judge Karen S. Crawford**. Counsel or any

party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **April 7, 2021**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

      7.     All other pretrial motions, including those addressing *Daubert* issues related to dispositive motions must be filed by **April 30, 2021**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

      8.     Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

      9.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 30, 2021**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

      10.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **August 6, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ.

///

P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **August 13, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 20, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on May 7, 2021 is continued to **August 27, 2021** at **1:30 p.m.**.  The Court will set a trial date during the pretrial conference.  The Court will also schedule a motion in limine hearing date during the pretrial conference.

14. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.
///

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: June 15, 2020

Hon. Karen S. Crawford
United States Magistrate Judge